LMH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Quinn Douglas Fitzgerald, | No. CV 03-0633-PHX-DGC (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joe Arpaio, | |
| Defendants. | |

This is a civil rights action brought by a former county jail inmate. Defendant has moved for summary judgment. The Court will dismiss the action without prejudice for Plaintiff's failure to keep the Court notified of his current address and deny Defendant's motion as moot.

**1.     Procedural History**

Soon after filing his complaint, Plaintiff notified the Court that he had been transferred to the state prison (dkt. #3). On screening Plaintiff's First Amended Complaint, the Court dismissed (dkt. #9) his visitation claim and required Defendant Arpaio to answer Plaintiff's claim that the food was nutritionally inadequate. On February 15, 2005, Plaintiff filed a change of address from the state prison to a residence in Mesa (dkt. #13).

Nearly a year later, on February 2, 2006, Defendant moved for summary judgment (dkt. #14-15), and mailed a copy of his motion to Plaintiff at the state prison and then re-mailed it to Plaintiff's residence in Mesa (dkt. #17). The Court issued the customary warning

(dkt. #16) regarding Plaintiff's obligations in responding to the motion. This order was mailed to the Mesa address and returned as undeliverable (dkt. #18).

The Court then entered an order withdrawing the reference to the magistrate judge on the summary judgment motion (dkt. #19). This order, too, was returned as undeliverable (dkt. #20) on April 5, 2006, with the notation "NATA," or "Not At This Address."

**2.     Analysis**

Rule 83.3(d) of the Local Rules of Civil Procedure requires Plaintiff to file a notice of a change of address 10 days before the move is effective. Also, Plaintiff was informed in the instructions accompanying the form complaint that he must immediately inform the Clerk of Court of a change of address or face possible dismissal. He was again informed of this requirement and possible dismissal in the notice of assignment. Plaintiff knew about this requirement, as he informed the Court on two different occasions of his change of address (dkt. #3, #13), with the last notification occurring in February 2005.

Nearly a year has elapsed, and now two recent Orders have been returned as undeliverable. Plaintiff has not submitted his new address. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (*per curiam*). If the Court were to show cause Plaintiff why dismissal were not warranted, the Order "would only find itself taking a round trip tour through the United States mail." Id. The Court is also not required to hold the matter in abeyance in hopes that an address change will be forthcoming. "It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not." Carey, 856 F.2d at 1441.

Before dismissal for lack of prosecution, the court must weigh (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). If the court does not consider

1  these factors, the record may be reviewed independently on appeal for abuse of discretion.
2  Henderson, 779 F.2d at 1424.

3  These factors do not favor Plaintiff. The interests in judicial economy reflected in the
4  first two factors have significant weight favoring dismissal of the action. On the third factor,
5  there is no risk of prejudice to Defendant by dismissal, which he already sought in a motion
6  for summary judgment. The fourth factor of favoring disposition of cases on their merits
7  weighs in favor of Plaintiff but only slightly so because Plaintiff has apparently lost interest
8  in prosecuting his action. For the fifth factor, there no less drastic sanction than dismissal
9  *without prejudice,* as the Court could alternately rule on the merits of the motion for
10 summary judgment that is unrebutted and Plaintiff cannot be contacted under these
11 circumstances. Thus, the five-factor analysis weighs in favor of dismissal. Because Plaintiff
12 has failed to prosecute this action, the Court will dismiss his action without prejudice.

13 **IT IS ORDERED** that the Complaint and this action are **dismissed** without prejudice.
14 The Clerk of Court is directed to enter judgment accordingly. Defendant's motion for
15 summary judgment (dkt. #14) is **denied** as moot.

16 DATED this 12th day of June, 2006.

David G. Campbell
United States District Judge